EXHIBIT A



# CT Corporation

**Service of Process Transmittal**
02/18/2010
CT Log Number 516175631

| | |
|---|---|
| **TO:** | Christine Gillen<br>The Prudential Insurance Company of America<br>Legal Department, 751 Broad St, 4th Floor<br>Newark, NJ 07102 |
| **RE:** | **Process Served in North Carolina** |
| **FOR:** | Prudential Investments LLC (Domestic State: NY) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rodney Timothy Warwick and wife, Paula Hickman Warwick, Pltfs. vs. Prudential Investments, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return Form, Complaint, Verification |
| **COURT/AGENCY:** | Bladen County District Court, NC<br>Case # 10CVD122 |
| **NATURE OF ACTION:** | Breach of Contract in the management of the repayments of the loan by payroll deduction |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Raleigh, NC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/18/2010 postmarked on 02/16/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after you have been served |
| **ATTORNEY(S) / SENDER(S):** | Alan I. Maynard<br>The Maynard Law Firm<br>101 Courthouse Drive<br>PO Box 875<br>Elizabethtown, NC 28337<br>910-862-8461 |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Ronnie Strickland |
| **ADDRESS:** | 150 Fayetteville St.<br>Box 1011<br>Raleigh, NC 27601 |
| **TELEPHONE:** | 919-821-7139 |

Page 1 of 1 / PA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| STATE OF NORTH CAROLINA | File No. 10 CVD 122 |
|---|---|
| BLADEN County | In The General Court Of Justice<br>☒ District ☐ Superior Court Division |

| Name Of Plaintiff |
|---|
| Rodney Timothy Warwick and wife, Paula Hickman Warwick |
| Address |
| |
| City, State, Zip |
| |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| PRUDENTIAL INVESTMENTS, LLC, PRUDENTIAL INVESTMENT MANAGEMENT SERVICES, LLC, and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, d/b/a now or formerly, PRUDENTIAL INVESTMENTS FUNDS MANAGEMENT, LLC | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, d/b/a now or formerly, PRUDENTIAL INVESTMENTS FUNDS MANAGEMENT, LLC<br>c/o CT Corporation System, Registered Agent<br>150 Fayetteville St., Box 1011<br>Raleigh, NC 27601 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Alan I. Maynard<br>P.O. Box 875<br>Elizabethtown, NC 28337<br>(910)862-8461 | 2/11/10 | 3:08 | ☐ AM ☒ PM |
| | Signature<br>Althea Lesane | | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01  (Over)
© 2001 Administrative Office of the Courts

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA IN THE GENERAL COURT OF JUSTICE
COUNTY OF BLADEN DISTRICT COURT DIVISION

FILED
2010 FEB 11 P 3:08
BLADEN COUNTY, C.S.C.

FILE NO.: 10 CVD 122

RODNEY TIMOTHY WARWICK and
wife, PAULA HICKMAN WARWICK,
    Plaintiffs

vs.

**COMPLAINT**
(JURY TRIAL DEMANDED)

PRUDENTIAL INVESTMENTS, LLC,
PRUDENTIAL INVESTMENT MANAGEMENT
SERVICES, LLC, and THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA, d/b/a
now or formerly, PRUDENTIAL INVESTMENTS
FUNDS MANAGEMENT, LLC,
    Defendants

---

The Plaintiffs, complaining of the Defendants, allege and say:

### FACTUAL ALLEGATIONS

1.

Plaintiffs Rodney Timothy Warwick and wife Paula Hickman Warwick are citizens and residents of Bladen County, North Carolina, and have been for at least six months prior to the institution of this action.

2.

Defendant, Prudential Investments, LLC, is a New York Limited Liability Company with a principal office address of 100 Mulberry Street, Newark, NJ, 07102, and a registered office and mailing address of 150 Fayetteville St., Box 1101, Raleigh, North Carolina, 27601.

3.

Defendants, Prudential Investment Management Services, LLC, is a Delaware Limited Liability Company with registered office address in Philadelphia, PA.

4.

Defendant, The Prudential Insurance Company of America, is a New Jersey

E MAYNARD LAW FIRM
ATTORNEYS AT LAW
COURTHOUSE DRIVE
ELIZABETHTOWN, N.C.
28337

Case 7:10-cv-00049-BR    Document 1-3    Filed 03/18/10    Page 5 of 12

Limited Liability Company with a principal office address of 30 Scranton Office Park, Scranton, PA, 18509-1789.

5.

That the Defendant, Prudential Investment, LLC now or formerly did business as Prudential Investments Funds Management, LLC.

6.

At all times relevant herein, Defendants are and were in the business of the managing the North Carolina Retirement System.

7.

At all times relevant herein, Plaintiff, Rodney T. Warwick, was an employee of the State of North Carolina with a vested interest in the Retirement System.

8.

That the Plaintiff, Rodney T. Warwick, owned a 401-K account, and, prior to August, 2008, Plaintiffs obtained a loan against the account.

9.

That the Defendants were responsible for managing the repayments on the loan by payroll deduction.

10.

That, in or about August, 2008, the Defendants either keyed in Plaintiffs' loan improperly or made an error in his loan report.

11.

That the Defendants' error caused the loan payments to cease.

12.

That the loan has now been defaulted causing tax liability, interest, penalties, cost, and emotional distress.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

13.

The allegations set forth herein above are specifically repleaded and are asked to be incorporated by reference into this paragraph as if more fully set out herein.

14.

The Plaintiff, Rodney T. Warwick, and the Defendants entered into a contract wherein the Defendants were responsible for competent management of Plaintiffs' loan repayments.

15.

Plaintiffs have performed all of the stipulations, agreements, and conditions, including conditions precedent, required of them under the terms of the contract.

16.

The Defendants breached the contract with the Plaintiffs by failing to properly manage the repayments and defaulting the loan.

17.

As a direct and proximate result of the Defendants' breach, the Plaintiffs have suffered damages in an amount in excess of $10,000.00.

## SECOND CLAIM FOR RELIEF: NEGLIGENCE

18.

The allegations set forth herein above are specifically repleaded and are asked to be incorporated by reference into this paragraph as if more fully set out herein.

19.

That, in addition to the actions described above, the Defendants:

A. Failed to timely notify Plaintiffs of alleged nonpayments.

B. Incorrectly notified Plaintiffs of alleged nonpayments.

C. Notified Plaintiffs that errors had been corrected when they had not been.

D. Sent notifications to Plaintiffs without any attempt to verify receipt.

E. Failed to make timely payments on the Plaintiffs' loan.

F. Accepted monies from Plaintiffs without reinstating the loan.

G. Received payments and still defaulted Plaintiff's loan.

20.

That all of the above described acts by the Defendants were due to the negligence

of the Defendants.

21.

As a direct and proximate result of the Defendants' negligence, the Plaintiffs have suffered damages in an amount in excess of $10,000.00.

### THIRD CLAIM FOR RELIEF: FRAUD

22.

The allegations set forth herein above are specifically repleaded and are asked to be incorporated by reference into this paragraph as if more fully set out herein.

23.

That, with intent to defraud Plaintiffs, Defendants represented to Plaintiffs that Defendants' errors and mistakes would be corrected once Plaintiffs paid monies to Defendants.

24.

Said representations were known by Defendants to be and were false. In truth, the Defendants did not and never intended to correct their own errors.

25.

Plaintiffs believed and relied upon the false representations, and thus were induced to send additional monies to Defendants.

26.

That the Plaintiffs are entitled to damages in an amount in excess of $10,000.00 for compensatory damages due to Defendants' fraud.

27.

The Defendants' conduct was done intentionally or recklessly, willfully, wantonly, and maliciously. Consequently, Plaintiffs seek punitive damages in an amount in excess of $10,000.00.

### FOURTH CLAIM FOR RELIEF: UNFAIR AND DECEPTIVE TRADE PRACTICES

28.

The allegations set forth herein above are specifically repleaded and are asked to

be incorporated by reference into this paragraph as if more fully set out herein.

29.

That Defendants are engaged in commerce in the State of North Carolina and the activities alleged herein above affect commerce in North Carolina.

30.

The acts and practices of Defendants as set forth above were willful and had a substantial tendency to deceive and did in fact deceive and constitute fraud.

31.

The acts and practices of the Defendants as alleged herein constitute and are unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes.

32.

That the Defendants' false representations, the Defendants' failure and refusal to fully compensate Plaintiffs for losses which Defendants admit are their fault, the Defendants representations that they were competent to manage Plaintiffs' retirement funds and loan repayments, and the other actions described above constitute unfair and deceptive trade practices affecting commerce which proximately caused the Plaintiffs to be damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), all of which the Plaintiffs are entitled to recover of the Defendants pursuant to N.C.G.S. § 75.1 et. seq.

33.

That the Plaintiffs are entitled to have the said amount of damages trebled pursuant to N.C.G.S.§ 75-16 and are further entitled to an award of attorney's fees pursuant to N.C.G.S. § 75-16.1 to be paid for and secured by the Defendants.

**WHEREFORE, the Plaintiffs pray the Court as follows:**

1. That they have and recover of and from the Defendants, jointly and severally, for breach of contract, in an amount in excess of $10,000.00, plus interest.

2. That they have and recover of and from the Defendants, jointly and severally, for negligence, in an amount in excess of $10,000.00, plus interest.

3. That they have and recover of the Defendants, jointly and severally, punitive damages, in an amount in excess of $10,000.00, plus interest.

4. That they have and recover of and from the Defendants, jointly and severally, damages incurred as a result of Defendants' unfair and deceptive trade practices in a sum in excess of $10,000.00, plus interest.

6. That the damages of the Plaintiffs be trebled and recovered of the Defendants pursuant to N.C.G.S. § 75.1 et. seq.

7. That the Plaintiffs recover of the Defendants their reasonable attorney's fees pursuant to N.C.G.S. § 75-16.1.

8. That the Plaintiffs have a trial by jury on all issues so triable.

9. That the cost of this action be taxed against the Defendants including a reasonable attorney fee as provided by law.

10. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

This the 11th day of February, 2010.

THE MAYNARD LAW FIRM

ALAN I. MAYNARD, No.: 10998
ATTORNEY FOR PLAINTIFFS
POST OFFICE BOX 875
ELIZABETHTOWN, NC 28337
PHONE: 910-862-8461
FAX: 910-862-6171
EMAIL: maynard_alan@hotmail.com

STATE OF NORTH CAROLINA

COUNTY OF BLADEN

    RODNEY TIMOTHY WARWICK and wife, PAULA HICKMAN WARWICK, first being duly sworn, deposes and says: That they are the Plaintiffs in the foregoing Complaint, that they have read the same and knows the contents thereof, and that the same is true of their own knowledge, except as to the allegations therein stated on information and belief, and as to such allegations they verily believe the same to be true.

_____
RODNEY TIMOTHY WARWICK

_____
PAULA HICKMAN WARWICK

Sworn to and subscribed before me this the 11th day of February, 2010.

_____
NOTARY PUBLIC, JENNIFER M. EDWARDS

My Commission Expires:

07-25-2011

THE MAYNAR
101 COURTHO
P. O. BO:
ELIZABETHTOW

7004 2510 0007 1868 906?

Prudential Investments, LLC
c/o CT Corporation System, Registered Agent
150 Fayetteville Street, Box 1011
Raleigh, North Carolina 27601

Case 7:10-cv-00049-BR   Document 1-3   Filed 03/18/10   Page 12 of 12